NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY TYREE BROWN, | No. 23-35145 |
| Plaintiff-Appellant, | D.C. No. 4:22-cv-05094-TOR |
| v. | |
| CHERYL STRANGE, Secretary of Corrections; STEPHEN SINCLAIR, in their individual and official capacities; SCOTT J. RUSSEL, Deputy Secretary of Corrections; JEFFREY A. UTTECHT, Warden, in their individual and official capacities; SCOTT SVOBODA, in their individual and official capacities; KEVIN WALKER, in their individual and official capacities; L W ADAMS, in their individual and official capacities; DANIELLE OYEN, in their individual and official capacities; JENER COELR, in their individual and official capacities; DONALD HOLBROOK, in their individual and official capacities; RONALD FREDRICK, in their individual and official capacities; DALE CALDWELL, in their individual and official capacities; R RIVERA, in their individual and official capacities; JAMES ROGERS, in their individual and official capacities; CAROLINE ROOP, in their individual and official capacities; CINDY DAVENPORT, in their individual and official capacities; | MEMORANDUM* |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DAVE WILLIAMS, in their individual and official capacities; ROMERO, Corrections Officer, in their individual and official capacities; HUIST, Corrections Officer, in their individual and official capacities; SLUSSER, Corrections Officer, in their individual and official capacities; McCARTHY, Corrections Officer, in their individual and official capacities; DUVALL, Corrections Officer, in their individual and official capacities; YEATER, Corrections Officer, in their individual and official capacities; TUNGENARD, Corrections Officer, in their individual and official capacities; MITCHELL, Corrections Officer, in their individual and official capacities; PIERCE, LTI,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted February 18, 2026[**]

Before:      CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Washington state prisoner Gregory Tyree Brown appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from the confiscation of personal property in prison.

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2                                                                    23-35145

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm in part, reverse in part, and remand.

To the extent Brown alleged a due process claim challenging the disciplinary action taken against him, the district court properly dismissed Brown's claim because Brown failed to allege facts sufficient to show that he was deprived of a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (explaining that a prisoner has no protected liberty interest unless the sanction imposed extends the length of his sentence or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

To the extent that Brown alleged constitutional claims challenging defendants' failures to process his grievances, the district court properly dismissed Brown's claims because "inmates lack a separate constitutional entitlement to a specific grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Dismissal of Brown's First Amendment claims and remaining Fourteenth Amendment due process claims was premature because the allegations that Brown was deprived of noncontraband property in connection with unconstitutional prison policies, liberally construed, are "sufficient to warrant ordering [defendants] to file

an answer." *Wilhelm*, 680 F.3d at 1116; *see also Prison Legal News v. Ryan*, 39 F.4th 1121, 1128-29 (9th Cir. 2022) (setting forth standard for analyzing First Amendment restrictions in the prison context); *Shinault v. Hawks*, 782 F.3d 1053, 1057-58 (9th Cir. 2015) (setting forth standard for analyzing due process claims for deprivation of property, including whether a predeprivation hearing is required, and explaining that "where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking" (citation and internal quotation marks omitted)). We reverse the judgment in part and remand for further proceedings on these claims only.

**AFFIRMED in part, REVERSED in part, and REMANDED.**